UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 30 2009

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | | |
|---|---|---|
| AMERICAN SECURITY INSURANCE COMPANY, Plaintiff, | § § § § | |
| v. | § § | Action No. |
| LINDA WILLIAMS, Defendant | § § § | |

1:09CV1036
Judge Heartfield

## COMPLAINT FOR DECLARATORY JUDGMENT AND FOR OTHER RELIEF

COMES NOW, Plaintiff American Security Insurance Company ("American Security") and files this its Complaint for Declaratory Judgment and For Other Relief against Linda Williams ("Williams") and in support thereof would respectfully show the Court as follows:

### PARTIES

1. American Security is a Delaware corporation with its principal place of business in Atlanta, Georgia.

2. Defendant Linda Williams is an individual and a citizen of Texas residing in Orange, Texas. Summons and service may be had upon Williams by serving her at 2141 Yupon Road, Orange, Texas 77630.

### JURISDICTION AND VENUE

3. This Court has diversity jurisdiction pursuant to 28 USC Section 1332 because American Security is a citizen of the State of Delaware and Defendant Williams is a citizen of the State of Texas. Further, the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

4. Venue in this district and division is proper pursuant to 28 USC Section 1397 since Williams resides in this judicial district.

## FACTUAL BACKGROUND

5. American Security issued a policy of insurance to Williams under Policy No. CHH 0210471 (the "First Policy"). The First Policy insured Williams' residence and had a policy period beginning on November 26, 2008 and expiring on November 26, 2009. The First Policy was cancelled on April 11, 2009.

6. American Security issued a second insurance policy to Williams for her residence under Policy No. CHH 0216043 (the "Second Policy"). The Second Policy has a policy period effective July 21, 2009 through July 21, 2010.

7. In the First Policy, Elmer Elmers was also listed as a named insured. In the Second Policy, however, Patrick Williams, Jr., and not Elmer Elmers, is listed as a named insured.

8. Both policies insure the property located at 2141 Yupon Rd., Orange Texas, 77630 (the "Residence"). On November 27, 2008, one day after the First Policy incepted, the Residence sustained significant fire damage.

9. The cause of that fire is believed to have been a space heater that was placed too close to flammable property situated in a bedroom in the house. At this time, the Fire Marshall of Orange County has classified the fire as accidental. This fire was assigned claim number 00200306751 (the "Initial Fire Claim").

10. On July 31, 2009, within ten days after the inception of the Second Policy, Williams reported another fire at the Residence, which she believed was possibly arson. The second fire claim was assigned Claim No. 00200349535 (the "Second Fire").

11. On August 3, 2009, the insured reported a claim for vandalism, alleging that someone put holes in the sheet rock in the home and broke windows on August 1, 2009. This vandalism claim was assigned Claim No. 001007279110 (the "First Vandalism Claim").

12. On August 20, 2009, Williams reported yet another fire damage claim, this time to the third bedroom and dining room. This fire was reported to have occurred on August 19, 2008. The insured believed the cause of the fire was arson (the "Third Fire Claim"). This fire claim was assigned Claim No. 00100735430.

13. On August 21, 2009, Williams reported another fire claim, alleging damage to the pool house and a privacy fence occurring on August 20, 2009. This fourth fire claim was assigned Claim No. 00100735855 (the "Fourth Fire Claim").

14. On August 24, 2009, Williams reported another claim for vandalism at the property. This vandalism claim was assigned Claim No. 0010073644 ("Second Vandalism Claim").

15. Although the Residence was significantly damaged by the first fire, it was not a total loss. In fact, Williams is repairing the Residence. The subsequent property damage claims are with respect to events occurring while the Residence has been unoccupied and under construction.

16. Thus far, American Security has paid Williams with respect to the First Fire Claim in excess of $201,000.00 for damages to the Residence, $177,000.00 for damages to contents (which is policy limits), $17,287.50 for damages to other structures, and loss of use in excess of $51,000.00. Additional sums may be payable to Williams upon her completion of the repair of the Residence, and submission proof of the cost to repair the Residence, if the costs to repair the Residence exceed the actual cash value of the Residence.

17. The other claims submitted by Williams are in various stages of investigation. However, Williams is hampering and hindering the investigations of these claims. She has refused

or delayed reinspections, refused to give recorded statements, and has generally been uncooperative.

18. Notwithstanding Williams' uncooperativeness, and the fact that Williams has been paid approximately $450,000 with respect to the First Fire Claim, on November 4, 2009 American Security received a demand letter from Williams' attorney dated October 29, 2009, alleging violations of the Texas Insurance Code by American Security, without supporting facts or required specificity (the "Demand Letter"). The Demand Letter also demanded in the aggregate $468,000 in damages, including attorneys fees. A copy of the Demand Letter is attached hereto as Exhibit A.

19. After receipt of the Demand Letter, American Security requested the examinations under oath of Ms. Williams with respect to each claim referenced in the demand letter. Williams has failed and refused to even acknowledge American Security's request for examinations under oath, and is apparently refusing to submit to examinations under oath. Section 1-Conditions in both policies issued to Williams provides in pertinent part as follows:

>   3. Duties After Loss.
>
>       a. **Your Duties After Loss.** In case of a loss to covered property caused by a peril insured against, you must:
>
>           (1) give prompt written notice to us of the facts relating to the claim.
>
>       * * *
>
>           (3) (a) protect the property from further damage.
>
>               (b) make reasonable and necessary repairs to protect the property.
>
>               (c) keep an accurate record of repair expenses
>
>           (4) furnish a complete inventory of damaged personal property showing the quantity, description and amount of loss. Attach all bills, receipts, and related documents which you have that justify the figures in the inventory.

  (5) as often as we reasonably require:

    (a) provide us access to the damaged property.

    (b) provide us with pertinent records and documents we request and permit us to make copies.

    (c) submit to examination under oath and sign and swear to it.

## COUNT 1
## BREACH OF CONTRACT

20. The conduct of Williams described in the Factual Background section of this Complaint constitutes a breach of the contracts of insurance between Williams and American Security. Williams' uncooperativeness and refusal to submit to examinations under oath are preventing American Security from investigating Williams' multiple claims. Williams is failing to protect the Residence from further damage, which is also a breach of the insurance policies issued to her. American Security is incurring additional expenses caused by Williams' breaches of contract.

21. American Security seeks specific performance by Williams of her contractual obligations and duties under the policies. American Security cannot conduct or complete a reasonable investigation of Williams' multiple claims without her cooperation and without her submitting to examinations under oath. Also, Williams must take steps to protect her property from further damage.

22. American Security further requests that the Court award American Security its reasonable and necessary attorneys fees and costs of court incurred herein as a result of Williams' breaches of the contracts between Williams' and American Security. American Security has made or will timely make a proper presentment of its attorneys fees claim, and is seeking attorneys fees solely with respect to its breach of contract claim.

## COUNT 2
## DECLARATORY JUDGMENT

23. The facts and circumstances set forth in the Factual Background section of this Complaint have given rise to controversies between American Security and Williams as to Williams' duties and responsibilities under the policies to cooperate and to provide examinations under oath, and to protect her property from further damage.

24. The facts and circumstances set forth in the Factual Background section of this Complaint have also given rise to a controversy over the investigation, adjustment and settlement of the First Fire Claim. American Security has previously paid approximately $450,000 with respect to the First Fire Claim, and has fully discharged its duties and responsibilities to Williams under the First Policy and the Texas Insurance Code.

25. Accordingly, American Security requests declarations that:

a. Williams has the duty to cooperate with American Security in the investigation of her claims under the terms of the policies.

b. Williams has the duty to protect her property from further damage under the terms of the policies.

c. Williams has the duty to provide American Security with access to the damaged property as often as American Security reasonably requests.

d. Williams has a duty to submit to examinations under oath with respect to each of her claims and to sign and swear to such examinations under oath.

e. Williams continued refusal to cooperate and refusal to submit to examinations under oath excuses any further performance by American Security under the policies with respect to the claims under investigation.

  f. American Security has performed all of its duties and obligations, and either paid or acknowledged its duty to pay, all sums due to Williams or any other insured under the First Policy with respect to the First Fire Claim.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, American Security respectfully prays that Defendant be cited to appear and answer herein and that the Court enter the following relief:

  a. That Williams' duties and responsibilities to cooperate in the investigation of her claims, protect her property from further damage, and submit to examinations under oath, all as required by the policies, be specifically enforced;

  b. That American Security be awarded its reasonable and necessary attorneys fees and costs of court incurred in connection with the enforcement of Williams' contractual duties and responsibilities under the policies;

  c. That the Court determine and declare that Williams has breached her duty to cooperate in the investigation of her claims;

  d. That the Court determine and declare that Williams has breached her duty to protect her property from further damage;

  e. That the Court determine and declare that Williams has breached her duty and responsibility to submit to examinations under oath with respect to her claims;

  f. To determine and declare that American Security has no duty and responsibility to Williams with respect to her claims for so long as Williams continues to breach her duties and responsibilities under the policies;

g.  That the Court determine and declare that American Security has discharged its duties and responsibilities to Williams or any other insured under the First Policy with respect to the First Fire Claim;

h.  That the Court award American Security its costs of court; and

i.  That the Court award American Security such other and further relief to which it may show itself to be justly entitled, whether at law or in equity.

Respectfully submitted,

Richard H. Gateley
State Bar I.D. No. 07752500

Carter L. Ferguson
State Bar I.D. No. 06909500

BRACKETT & ELLIS,
a Professional Corporation
100 Main Street
Fort Worth, Texas 76102-3090
(817) 338-1700
Facsimile (817) 870-2265

ATTORNEYS FOR
PLAINTIFF AMERICAN SECURITY
INSURANCE COMPANY

Kenneth W. (Ken) Lewis
Board Certified
Personal Injury Trial Law
Texas Board of Legal Specialization

Civil Trial Advocate
National Board of Trial Advocacy

Paralegals
Melanie Lindsey, ACP
Stacey Cole, ACP

**BUSH LEWIS** PLLC
LAWYERS

Kenne

Christop

John
Da

October 29, 2009

RECEIVED
NOV 04 2009
P & C CLAIMS

Ms. Carman Blanchard
Assurant Specialty Property
American Security Insurance Company
260 Interstate N. Circle, SE
Atlanta GA 30339-2110

Re:  Insured(s):           Linda Williams
     Property Address:     2141 Yupon Rd., Orange, Texas 77630-3215
     Insurer:              Assurant Specialty Property/American Security Insurance Co.
     Policy Number:        CHH021604300
     Claim Number:         00100735866
     Loss Date:            11/26/08;7/24/09;7/26/09;7/30/09;8/3/09;8/5/09;8/7/09
     Type:                 Fire & Vandalism

Dear Ms. Blanchard:

The law firms of Bush Lewis, PLLC and the Law Offices of Scott Renick have been retained to represent the above referenced insured(s) in their insurance claims against your insurer for residential property damage.

You are probably aware that your insurer owes certain duties under Texas law and that in addition to actual covered losses can have liability of multiple types for breach of these duties. In addition to general contract duties, the Texas Insurance Code creates special duties on insurers to timely:

1. Acknowledge, investigate, and request information on claims;

2. Accept, reject, or extend time to decide claims; and

3. Timely pay claims.

Damages for failure to promptly pay a claim include the amount of the claim, a statutory penalty of 18% per year, prejudgment interest, court costs, and attorney's fees. Texas law does not accept "good faith" as a defense for breach of these duties.

The Texas Insurance Code also prohibits:

1. Making an untrue statement of material fact about an insurance policy;

EXHIBIT
A

http://atl0ntimage01.atl0.assurant.com/va3...                        1228220&pagetota...  11/12/2009

October 29, 2009
Page 2

2. Leaving out a material fact about an insurance policy, so that other statements are rendered misleading;

3. Making a statement about an insurance policy that would lead a reasonably prudent person to a false conclusion about a material fact;

4. Making a material misrepresentation of law;

5. Not disclosing any matter required by law to be disclosed;

6. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue in a claim;

7. Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once an insurer's liability becomes reasonably clear;

8. Attempting to pressure a claimant to settle a claim under one portion of coverage by refusing to bring about a prompt, fair, and equitable settlement under a second portion of coverage, once the insurer's liability on the second portion becomes reasonably clear;

9. Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or further offer of a compromise settlement of a claim;

10. Not affirming or denying coverage of a claim to a policyholder within a reasonable time;

11. Not submitting any alleged reservation of rights to a policyholder within a reasonable time;

12. Refusing, failing to make, or unreasonably delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as specifically provided on the policy;

13. Attempting to enforce a full and final release of a claim from a policy holder when only a partial payment has been made; and

14. Refusing to pay a claim without conducting a reasonable investigation.

October 29, 2009
Page 3

Liability for violations of the Texas Insurance Code provisions includes damages for policy proceeds, lost profits, lost income, additional damages of up to twice all other damages, court costs, expenses, attorney's fees, and any equitable relief the court deems proper. Texas law additionally holds insurers liable for bad faith if any insurer denies or delays payment of a claim when the insurer knew or should have known coverage was reasonably clear. Bad faith liability includes mental anguish, economic, policy benefit and exemplary damages from the insured to the policy holder.

Our review of this case confirms one or more violations of the previously discussed duties to your insured(s) on this claim. Accordingly, on behalf of the referenced insured(s), demand is made that within sixty (60) days from receipt of this correspondence, that the following amounts be paid:

1. $295,000 in dwelling damages;
2. $10,000 in other structural damages;
3. $50,000 in contents damages;
4. $53,000 in living expenses;
5. $15,000 in lost time;
6. $20,000 in mental anguish;
7. $25,000 in expenses, including attorney's fees, which will dramatically increase as this case develops.

Please understand this demand is made in the spirit of compromise. Our analysis indicates this demand represents a tremendous savings to you given your potential exposure under the Texas Insurance Code. Thus, we hope this demand is viewed as a good faith and conservative effort on our part to expeditiously resolve this potential litigation on amicable terms.

If this claim is not paid within sixty (60) days from the receipt of this correspondence, we would expect to recover the insured(s)' actual damages, along with damages for mental anguish, prejudgment interest, attorney's fees and breach of good faith and fair dealing you owe the insured(s). In addition, please be aware that recovery in the form of treble damages and additional penalties will also be sought.

This correspondence will also serve as notification that, pursuant to the Texas Civil Practice and Remedies Code § 38.001, et seq., the insurer may be required to pay reasonable attorney's fees due to your failure to perform as per the terms of the insurance contract entered into with the insured(s). Such payment is a result of insured(s) retaining our legal services to pursue their remedy for damages and would be paid in addition to the amount of a valid claim and costs.

October 29, 2009
Page 4

The Insured(s) are anxious to have this matter resolved immediately because their inconvenience and damages increase daily. We trust you will immediately respond, in writing, to this formal demand letter. From this point forward, our firms are the only contact for you regarding this matter.

If you have any questions regarding this matter or need additional information, please feel free to contact our law offices. However, please do not contact our client, either orally or in writing, without prior express permission.

Sincerely,

Kenneth W. Lewis

KWL/sc




